Citation Nr: 1719222 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 10-16 678 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Columbia, South Carolina


THE ISSUES

1. Whether new and material evidence has been presented to reopen a previously denied claim for entitlement to service connection for left shoulder pain with associated upper thoracic pain (claimed as mid back pain next to the left shoulder blade).

2. Entitlement to an increased rating for degenerative disc disease of the thoracolumbar spine, currently evaluated at 20 percent disabling.

3. Entitlement to an increased rating for residuals of a fractured left hip, currently evaluated at 10 percent disabling.

4. Entitlement to an increased rating for degenerative joint disease of the right hip, currently evaluated at 10 percent disabling.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

B. Muetzel, Associate Counsel


INTRODUCTION

The Veteran served on active duty from November 1997 to November 2000. 

This issues of entitlement to an increased rating for degenerative disc disease of the thoracolumbar spine, an increased rating for residuals of a fractured left hip, and an increased rating for degenerative joint disease of the right hip are before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Regional Office (RO) in which, in pertinent part, assigned a 20 percent rating for the Veteran's thoracolumbar spine disability and continued 10 percent ratings for the Veteran's left and right hip disabilities. The Veteran filed a Notice of Disagreement (NOD) in November 2009 and the RO issued a Statement of the Case (SOC) in March 2010. The Veteran filed a timely VA Form 9 in April 2010. 

The issue of whether new and material evidence has been presented to reopen a previously denied claim for entitlement to service connection for left shoulder pain with associated upper thoracic pain (claimed as mid back pain next to the left shoulder blade) comes to the Board on appeal from an April 2009 rating decision. The Veteran filed a timely NOD in August 2009. 

In February 2012, the Veteran testified before the undersigned Veteran's Law Judge. A copy of the transcript of that hearing has been reviewed and associated with the claims file.

The Board remanded the claim in July 2012. After the remand, a SOC was issued regarding the claim to reopen the previously-denied claim of entitlement to service connection for a left shoulder condition in April 2014. The Veteran filed a VA Form 9 in July 2014. 

A supplemental SOC was issued regarding the claims for increased ratings in April 2016. 

Lastly, the Board observes that in a May 2017 letter, the Veteran's attorney has provided notice to withdraw his representation on behalf of the Veteran in all claims before VA. Given the particular circumstances of this case, as will be discussed below, the motion to withdraw representation is granted. As such, Mr. George Sink, Attorney, is no longer to be recognized, by VA, as the Veteran's representative (Power of Attorney), and thus he will not be listed on the cover page of this decision.


FINDING OF FACT

In May 2017, prior to the promulgation of a decision in the appeal, the Veteran requested that the Board withdraw all issues on appeal, including the issues of: (1) whether new and material evidence has been presented to reopen a previously denied claim of entitlement to service connection for left shoulder pain with associated upper thoracic pain; (2) entitlement to an increased rating for degenerative disc disease of the thoracolumbar spine, currently evaluated 20 percent disabling; (3) entitlement to an increased rating for residuals of a fractured left hip, currently evaluated 10 percent disabling; and (4) entitlement to an increased rating for degenerative joint disease of the right hip, currently evaluated 10 percent disabling.


CONCLUSION OF LAW

The criteria for withdrawal of an appeal (including the issues of (1) whether new and material evidence has been presented to reopen a previously denied claim of entitlement to service connection for left shoulder pain with associated upper thoracic pain; (2) entitlement to an increased rating for degenerative disc disease of the thoracolumbar spine, currently evaluated 20 percent disabling; (3) entitlement to an increased rating for residuals of a fractured left hip, currently evaluated 10 percent disabling; and (4) entitlement to an increased rating for degenerative joint disease of the right hip, currently evaluated 10 percent disabling), by the appellant have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2016)


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. Id. 

In May 2017, the Veteran's representative submitted a statement, along with an affidavit signed by the Veteran, stating his intent to withdraw his appeal regarding all issues on appeal, including the issues of: (1) whether new and material evidence has been presented to reopen a previously denied claim of entitlement to service connection for left shoulder pain with associated upper thoracic pain; (2) entitlement to an increased rating for degenerative disc disease of the thoracolumbar spine, currently evaluated 20 percent disabling; (3) entitlement to an increased rating for residuals of a fractured left hip, currently evaluated 10 percent disabling; and (4) entitlement to an increased rating for degenerative joint disease of the right hip, currently evaluated 10 percent disabling. Hence, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeal.






ORDER

The appeal is dismissed.




______________________________________________
DEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs